786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES A. MENIER, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-1435
 United States Court of Appeals, Sixth Circuit.
 2/12/86
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and MARTIN, Circuit Judges and RUBIN, District Judge*.
 
 
 3
 This matter is before the Court on the appellant's motion for appointment of counsel in this appeal from the district court's order adopting the magistrate's report and recommendation to deny appellant's motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The record indicates that appellant was indicted on two charges of premeditated murder and one count of assault with intent to commit murder in violation of 18 U.S.C. Sec. 1111(a) and Sec. 1113(a) respectively. These charges were the result of the investigation into the deaths of two Saginaw Chippewa Indians, and the wounding of a third. Appellant's appointed counsel moved the district court to dismiss the case for lack of jurisdiction, arguing that the alleged crimes did not occur on property under the exclusive jurisdiction of the Federal Government as required by the statutes under which the appellant was charged. The district court determined that the crimes had occurred on an Indian reservation and consequently it denied the motion to dismiss.
 
 
 5
 On January 30, 1978, appellant, his attorney and the United States Attorney executed a proposed plea agreement where appellant would plead guilty to two counts of second degree murder, with sentences to run concurrently, and count III of the indictment (assault with intent to murder) would be dismissed. On March 2, 1978, the district court entered the final judgment and commitment pursuant to appellant's plea agreement.
 
 
 6
 Appellant's Sec. 2255 motion, filed on April 5, 1983, alleged three grounds for relief: 1) that the district court lacked jurisdiction over the case because the location of the murders and assault was not on an Indian reservation; 2) ineffective assistance of counsel and 3) bad faith on the part of the government in the plea bargaining negotiations.
 
 
 7
 The matter was referred to a magistrate who concluded that the district court was fully justified in concluding that the scene of the crimes was federal property under federal control, that the government properly indicted appellant and he received the benefit of the plea bargain and that appellant's trial counsel rendered effective assistance. The magistrate's report, filed on January 25, 1985, concludes with the following language:
 
 
 8
 The parties to this action may object to and seek review of this Memorandum Opinion and Recommendation within ten (10) days of receipt of a copy hereof as provided for in 28 U.S.C. Sec. 636(b)(1)(c). Failure to file objections constitutes a waiver of any further right of appeal. United States v. Walters, 38 F.2d 947 (6th Cir. 1981), states that a party shall file objections with the district court or else waive right to appeal.
 
 
 9
 On April 8, 1985, no objections having been filed, the district court entered an order adopting the magistrate's report in full as the opinion of the court and closed the case.
 
 
 10
 The Supreme Court's recent opinion of Thomas v. Arn, 54 U.S.L.W. 4032 (U.S. December 4, 1985) disposes of this appeal. In the Thomas opinion, the Court held 'that a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.' Id. at 4036. This Court's decision of United States v. Walters, supra, adopted such a rule. Appellant herein did not file objections to the magistrate's report and recommendation within the 10 day time limit prescribed by Walters, supra, and approved in Thomas v. Arn, supra. This procedural default renders appellant's appeal waived. Walters, supra; Thomas v. Arn, supra.
 
 
 11
 It appears that the questions on which this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 12
 Therefore, it is ORDERED that appellant's motion for appointment of counsel be denied and the district court's opinion and order be affirmed.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation